IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ALLEN ANGEL SMITH,**

    Plaintiff,

v.                                                            Civil Action No. **3:22CV782**

**MS. S. FLETCHER,** *et al.,*

    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this action. On December 14, 2022, this action was transferred from the Alexandria Division to the Richmond Division of the United States District Court for the Eastern District of Virginia. The matter is before the Court on Plaintiff's failure to serve Defendant Fletcher within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), Plaintiff had 90 days to serve Defendant Fletcher. Here, that period commenced on June 14, 2022, when the Court dismissed the claims against all Defendants except Defendant Fletcher and directed service upon the Office of the Attorney General for the Commonwealth of Virginia. (ECF No. 23.)[1] More than 90 days elapsed, and Plaintiff had not

---

[1] On August 23, 2022, the Attorney General declined service for Defendant Fletcher, but provided a last known address under seal. Accordingly, the Court attempted to serve Defendant

served Defendant Fletcher. Accordingly, by Memorandum Order entered on December 16, 2022, the Court directed Plaintiff, within twenty (20) days of the date of entry thereof, to show good cause why the action against Defendant Fletcher should not be dismissed without prejudice.

Plaintiff has filed a response. (ECF No. 35.)[2] However, Plaintiff fails to address the fact that Defendant Fletcher has not been served, much less demonstrates that he made any effort at all to try to obtain an address for Defendant Fletcher. Thus, Plaintiff fails to show good cause for his failure to serve Defendant Fletcher. Furthermore, nothing submitted by Plaintiff gives this Court any indication that Defendant Fletcher will be properly served at any time in the future. *Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010) (dismissing defendants where plaintiff failed to serve defendants within the older 120 day period and did not suggest means for effecting service in the future); *Greene v. Neven*, No. 3:07–CV–00474–LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen-month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future"); *see Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants."). Thus, Plaintiff does not show good cause for his failure to serve Defendant Fletcher. Accordingly, any claim against Defendant

---

Fletcher by mail. (ECF No. 30.) On October 14, 2022, the United States Postal Service returned the waiver of service to the Court marked, "RETURN TO SENDER," "ATTEMPTED – UNKNOWN," and, "UNABLE TO FORWARD." (ECF No. 31.)

[2] In the response, Plaintiff's asks the Court to change his name on the docket to Aisha Senja Milano. (ECF No. 35, at 1.) However, Plaintiff has not provided any documentation from the Commonwealth of Virginia reflecting that a legal name change has been recognized by the state. Accordingly, at this juncture, the Court declines to change Plaintiff's name on the docket. Nevertheless, the Court DIRECTS the Clerk to note this name as an alias in the caption.

Fletcher and the action will be DISMISSED WITHOUT PREJUDICE.[3] Moreover, the outstanding Motion for a Preliminary Injunction (ECF No. 18) will be DENIED.

An appropriate Final Order shall issue.

Date: 25 January 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[3] The Court notes that Plaintiff is incarcerated in Red Onion State Prison, a facility located in the Western District of Virginia, and his claims against Defendant Fletcher appear to stem from his mental health treatment at that facility. If Plaintiff desires to file a new complaint against Defendant Fletcher, he should do so in the Western District of Virginia, not in this Court.